Frisch *v.* Caler.

---

## FRISCH *et al.* v. CALER *et al.*

In a complaint upon a promissory note an allegation of its nonpayment is material, and if omitted the complaint is demurrable. The averment that there is a certain amount due upon the note is insufficient, being a statement of a mere conclusion of law.

A plea of payment in an answer to a complaint upon a promissory note is not new matter, and was not, under the former practice requiring a replication to new matter, admitted by a failure to reply.

Where a negative allegation is necessary in stating the cause of action, although it must, of course, precede an averment by the opposite party of the fact negatived, it nevertheless constitutes the basis of the issue joined by the subsequent averment, and the latter operates as a traverse and not as an averment of new matter.

APPEAL from the Fourth Judicial District.

The complaint, which was verified, contains two counts—one for goods sold and delivered, and another upon a promissory note.    The latter, after stating that in consideration of an antecedent indebtedness the defendants executed to plaintiffs their promissory note for six hundred dollars, with interest, continues as follows : " That said defendants, Feb. 25th, 1861, paid on said note three hundred dollars, and there is now due said plaintiffs from said defendants the said balance on said note, of three hundred dollars, and forty dollars interest, wherefore, etc."

No demurrer to the complaint was interposed.    The answer, also verified, denies all indebtedness on account of goods sold and delivered ; admits the execution of the note, and avers that it has been paid by defendants, except the sum of one hundred dollars which is admitted to be still due upon it.

No replication was filed by plaintiff.    A jury trial was had resulting in a verdict for plaintiffs for the amount claimed in the complaint ; in accordance with which judgment was entered, from which the appeal is taken by defendants.

*Cook, Brownson & Hittell*, for Appellants.

The plea to the second count sets up new matter ; and as no replication was filed, such new matter was to be taken as true.    It constituted a material allegation within the meaning of the sixty-fifth and sixty-sixth sections of the Practice Act.

That the plea to the second count did set up new matter we think clear from all the authorities.    Gould in his work on Pleading (sec. 195) says : " All facts alleged in pleading which go in avoidance of what is before pleaded on the other side are called new matter."    The plea of payment in the answer went *pro tanto* in avoidance of the complaint.    This is plain from a consideration of the evidence which it would be necessary to adduce in a case of the kind.    The plaintiff would be required to prove his claim, and no presumption of payment would arise until after the expiration of the period provided in the Limitation Act.

The burden of proof of nonpayment, even though pleaded by the complaint, would not be on the plaintiff.    Payment could not be proved under a general denial.    It is strictly a matter of defense.

There is a case in one of the New York Reports (*Van Giesen* v. *Van Giesen*, 10 N. Y. 316) in which a contrary doctrine seems to have been held.   It was a suit on a note, and the Court said : " The material allegations of the complaint in this case are : the making by the defendants of the promissory note, the transferring it to the plaintiff, and the nonpayment of it by the defendants."

The Court here was evidently wrong in saying that the nonpayment of it by the defendants was a material allegation ; it might be stricken from the complaint without leaving it insufficient.   The ordinary forms of declarations do not contain such an allegation. (See 1 Chitty's Plead. 723.)

And afterwards the same Court in *McKying* v. *Bull* (16 N. Y. 297) reviewed the whole subject, and came to conclusions which sustain us throughout.

Referring to *Van Giesen* v. *Van Giesen* the Court say : " That case simply decided that where the complaint contained an averment of new matter, a plea of payment formed a complete issue," and go on to say, " that neither payment or any other defense which confesses and avoids the cause of action can in any case be given in evidence as a defense under an answer containing simply a general denial of the allegations of the complaint."

This shows conclusively that the allegation of nonpayment was not a material allegation in the complaint.

But perhaps it is not necessary to look further than the complaint in this case, where it will be seen that the respondents themselves did not consider an allegation of nonpayment material, and as a matter of fact made no such allegation.

The only thing said on the subject in the complaint is, that " there is now due said plaintiffs from said defendants the said balance on said note, of three hundred dollars, and forty dollars interest."   Not a word about nonpayment ; not a word to bring it within the case of *Van Giesen* v. *Van Giesen*, even taking that decision without the important qualification made to it in *McKying* v. *Bull.* (See also *Piercy* v. *Sabin*, 10 Cal. 22, and cases there cited.)

*Porter & Sawyer*, for Respondents.

Under the Practice Act a complete issue was made by an aver-

ment in the complaint of nonpayment and the allegation of payment in the answer.    Such an allegation is not of new matter, and no reply is necessary.    (Pr. Act, secs. 36, 38, 46 ; *Van Giesen* v. *Van Giesen,* 10 N. Y. [Court of Appeals] 316 ; same case, 12 Barb. 520.)

In *McKying* v. *Bull* (16 N. Y. 297) the Court (see p. 304) say : The case of *Van Giesen* v. *Van Giesen,* "affirmed in this Court, contains nothing in opposition to the doctrine here advanced." Hence, *Van Giesen* v. *Van Giesen* is good law in that State and, we apprehend, elsewhere.    In the latter case, the Court only decides that payment cannot be proved unless pleaded.

Cope, J. delivered the opinion of the Court—Norton, J. concurring.

The proceedings in this case were had during the existence of the statute requiring a replication to new matter set up in the answer.    The action is based in part upon a promissory note, and the question is, whether a plea of payment is new matter in the sense of the statute.    New matter is that which admits the facts alleged as the grounds of relief, but avoids them by introducing a new subject of controversy, operating as a defense.    It is necessary in an action on a promissory note to allege that the note has not been paid ; and the plea of payment does not admit the allegation of nonpayment, but raises an issue as to its truth.    The form of the plea cannot make that new matter which is merely responsive to the complaint ; and to hold that a replication is required would be to hold that the allegation of nonpayment is an immaterial allegation.    "A material allegation," says the statute, " is one essential to the claim or defense, and which could not be stricken from the pleading without leaving it insufficient."    In an action for the breach of a contract, it is necessary to allege that the contract has been broken ; and there is no difference in this respect between a promissory note and other contracts.    (1 Chit. Pl. 332.)    The failure to pay constitutes the breach, and must be alleged ; but so far as the proof is concerned, possession of the note is sufficient *prima facie* to sustain the allegation.    (1 Van Sant. Pl. 226.)    Being a material allegation, it is not new matter to aver affirmatively the

Frisch *v.* Caler.

existence of the fact thus negatived in the complaint; for, obviously, nothing new is brought into the controversy.   Whether matter is new or not, must be determined by the matter itself, and not by the form in which it is pleaded—the test being whether it operates as a traverse or by way of confession and avoidance.   A plea tendering no new issue, but controverting the original cause of action, is a mere traverse, and as nothing new is involved in it, to call it new matter would be a misapplication of terms.   It is not essential to a traverse that it be expressed in negative words—the form of the plea depending upon the allegation it is intended to meet; a negative allegation requiring an affirmative plea, and *vice versa.* New matter involves of necessity a new issue, or the introduction of a new ingredient as the basis of one, and a new issue can only arise upon a plea in confession and avoidance.   An averment that a debt has not been paid, followed by a plea of payment, makes up an issue upon the point, and a replication would only amount to a reiteration of the negative already expressed.   An issue is made up when a proposition is affirmed on one side and denied on the other, and it is immaterial whether the denial precedes or follows the affirmation.   No proposition admits of more than one affirmative and one negative, and the order in which they are to be presented depends upon the nature of the proposition.   Where a negative allegation is necessary in stating the cause of action, it must, of course, precede an averment of the fact negatived, but its position upon the record does not render it inoperative or useless.   It constitutes the basis of the issue joined by the subsequent averment, and the latter operates as a traverse, and not as an averment of new matter.

This disposes of the only question raised in the case; but it is proper to suggest an objection to the complaint, which, though apparently technical, is of the essence of good pleading.   The fact of nonpayment is not directly alleged—the allegation being that there is now due, etc., which is a mere conclusion of law, and would not have stood the test of a demurrer.   For the purposes of this appeal we have treated it as sufficient, and our object in alluding to it is to call attention to the matter and prevent the commission of similar errors in future.

Judgment affirmed.