[No. 2,935.]

## HUGH DAVANAY v. DAVID EGGENHOFF et al.

COMPLAINT ON A PROMISSORY NOTE.—A complaint on a promisssory note should allege that the note remains due and unpaid. Without such allegation it does not state facts sufficient to constitute a cause of action.

ANSWER TO COMPLAINT ON A NOTE.—If the complaint on a promissory note, without being verified, contains a copy of the note, and avers that it has not been paid, a general denial in the answer puts in issue the fact of payment, and the plaintiff is not entitled to judgment on the pleadings.

APPEAL from the District Court of the Thirteenth Judicial District, Mariposa County.

The complaint, among other things, averred "that there is now due from the defendants to the plaintiff on the aforesaid note the principal sum of two thousand dollars, with interest thereon at the rate of one and a quarter per cent per month from the 10th day of March, 1870," etc.   The defendants appealed.

The other facts are stated in the opinion.

*L. F. Jones*, and *McKune & Welty*, for Appellants.

What are the material allegations of the complaint?
First—The debt or consideration of the note.

Second—That the note was made.

Third—That it was executed..

Fourth—That it was delivered.

Fifth—That the principal sum of two thousand dollars has not been paid.

Sixth—That the interest has not been paid.

The general denial in this case is equivalent to the general issue at common law, and puts in issue all the material allegations in the complaint. (*White* v. *Moses*, 11 Cal. 69; *Dseux* v. *Domec*, 18 Cal. 83; *Glazer* v. *Clift*, 10 Cal. 303.)

It is necessary to aver in a complaint on a bill of exchange or promissory note that it has not been paid. (*Frisch* v. *Caler*, 21 Cal. 71; *Jones* v. *Frost*, 28 Cal. 245.)

*J. M. Corcoran* and *J. B. Campbell*, for Respondent.

The general denial raises no issue with plaintiff.

The complaint containing a copy of the note, and the answer not being verified, the genuineness and due execution of the note is admitted (Sec. 53 Civil Prac. Act), and plaintiff was entitled to judgment on the pleadings. (*Horn* v. *Volcano Water Co.*, 13 Cal. 69; *Kinney* v. *Osburn*, 14 Cal. 113; *Sacramento County* v. *Bird*, 31 Cal. 66; *Corcoran* v. *Doll*, 32 Cal. 83.)

Evidence of payment could only be given under a plea of payment. (*Edson* v. *Dillage et al.*, 8 Howard Pr. Rep. 274, 275; *Piercy* v. *Sabin et al.*, 10 Cal. 22; *Glazer* v. *Clift*, 10 Cal. 303; *Green* v. *Palmer*, 15 Cal. 417; *Coles* v. *Soulsby*, 21 Cal. 47; *Hook* v. *White*, 36 Cal. 302.)

By the Court, RHODES, J.:

The complaint contains a copy of the promissory note in suit. The answer, among other matters, contains a general denial. The pleadings are not verified. The plaintiff moved for and obtained judgment on the pleadings.

The question is, whether the general denial presents any issue of fact. In *Frisch* v. *Caler*, 21 Cal. 14, this question was fully considered. The statute then in force required a replication to new matter in the answer. The answer averred that the note in suit had been paid by the defendant, except a small sum, which was admitted to be then due; and it was contended that that averment was admitted, because of the failure on the part of the plaintiffs to file a replication denying it; but the Court held that it was not new matter; that the failure to pay the note constituted the breach, and must be alleged; and that the allegation in the answer—that it had been paid—was only a traverse of the allegation in the complaint that it had not been paid. (See, also, *Brown* v. *Orr*, 29 Cal. 120.) The opinion of Mr. Justice COPE, in the case of *Frisch* v. *Caler*, is distinguished for its force and clearness; and the doctrine then laid down has not since been departed from, so far as we are aware, except in the case of *Hook* v. *White*, 36 Cal. 300. In that case the pleadings were verified, and the answer denied *on information and belief* that the note had not been paid, or that any sum of money was due on it. A denial of that averment, on information and belief, is clearly insufficient. (*Humphreys* v. *Call*, 9 Cal. 62; *Brown* v. *Scott*, 25 Cal. 195; *Vassault* v. *Austin*, 32 Cal. 606.) That was all that the exigencies of that case required to be decided, on the point in question, and the case, so far as it holds that the allegation in the complaint, that the note remains unpaid, is immaterial, and that a denial of the allegation does not put any fact in issue, ought, in our opinion, to be overruled.

The general denial in this case put in issue the averment of the complaint, that the promissory note remained due and unpaid.

Judgment reversed, and cause remanded for a new trial.

Mr. Justice BELCHER did not express an opinion.