HERSHFIELD & BRO., appellants, *v.* AIKEN ET AL., respondents.

PLEADING — *fact and conclusion — defective pleading cured by answer.* An averment in a complaint in an action to recover on a promissory note, that the amount thereof is "due and payable," states only a conclusion of law, and does not as a fact allege a breach of contract. Such pleading is bad on demurrer. But ·when there has been an answer over a trial upon the merits in which it was found as fact that the note was not only due but wholly unpaid, and a judgment or decree, the same will not be disturbed for this mere technical defect.

A defective complaint may be cured when the material fact omitted therefrom has been supplied by the answer.

Answering over and going to trial on the merits, ought to be held a waiver of a technical defect in a complaint.

After verdict it will be presumed that the proof on the trial supplied the defect in the pleading.

AMENDMENT OF PLEADINGS. Even after judgment leave to amend so that the issue in the pleadings should correspond with the proof should be allowed in furtherance of justice, on terms. Cases of *Wormall* v. *Reins*, 1 Mon. 630, and *Hartley* v. *Preston*, 2 id. 415, considered and reaffirmed.

### Appeal from Second District, Deer Lodge County.

THIS is an appeal from an order of the court below granting a new trial for insufficiency of the complaint. The facts are fully set forth in the judgment.

CHUMASERO & CHADWICK, for appellants.

The complaint alleges a sufficient breach of contract. As to the proper construction of the terms *due* and *owing*, see *Keteltas* v. *Myers*, 19 N. Y. 231; 7 id. 478; *United States* v. *Bank of North Carolina*, 6 Pet. 29.

The court will not grant a new trial for an entirely harmless error. Hilliard on New Trials, 32, § 1, and p. 46, §§ 8, 9; *Brazier* v. *Clap*, 5 Mass. 10.

By answering over and joining issue on the merits, defendant waived his objection to the technical defect in the complaint. *Brown* v. *Saratoga R. R. Co.*, 18 N. Y. 495; *Aurora City* v. *West*, 7 Wall. 82; *Hill* v. *Haskin*, 51 Cal. 175; Chitty's Pl. 671; 4 Iowa, 499.

If complaint was defective plaintiffs should have been given leave to amend. *Hartley* v. *Preston*, 2 Mon. 415; 1 Whittaker's Pr., 32–3.

The defective complaint is cured by the verdict. *Garner* v. *Marshall*, 9 Cal. 269; Stephen's Pl. 149; *Coryell* v. *Cain*, 16 Cal. 567; *Thomas* v. *Roosa*, 7 Johns. 462; 1 Sandf. 228; 7 Term R. 514; *Pangburn* v. *Ramsay*, 11 Johns. 141; 1 East, 209; *Bank of Utica* v. *Sneeds*, 3 Cow. 635.

THOS. L. NAPTON and HIRAM KNOWLES, for respondents.

The complaint did not allege a breach of contract. No fact can be proved except as alleged. *Maynard* v. *F. F. Ins. Co.*, 34 Cal. 48; Moak's Van Santv. Pl. 846; Pomeroy's Remedial Rights, 570–595; *Tevis* v. *Hicks*, 41 Cal. 123.

The complaint neither set forth copies of the notes nor plead the same according to their legal effect. An exhibit is no part of a complaint. *Los Angeles* v. *Signoret,* 50 Cal. 298.

Substantial allegations in a complaint are as necessary under the code as at common law. *Miller* v. *Van Tassel,* 24 Cal. 458.

California decisions should have most weight in this Territory as our code was adopted from that State. *Creighton* v. *Hershfield,* 2 Mon. 386. For authorities on this case, see *Frisch* v. *Caler,* 21 Cal. 71; *Doyle* v. *Phœnix Ins. Co.,* 44 id. 264; *Davanay* v. *Eggenhoff,* 43 id. 395; *Roberts* v. *Treadwell,* 50 id. 521; Pom. Leg. Rem. 570.

Pleadings cannot be amended after judgment by inserting material allegations. Moak's Van Santv. Pl. 827, 828, 830, 833, 834, 848.

The findings of the referee do not supply the defects of the complaint. The evidence does not justify the decree.

Nothing was due on the crushing contract till completed, it was an entire contract. *Wolf* v. *House,* 20 N. Y. 197; 2 Pars. on Cont. 519, note.

The money realized from crushing ores above expenses should have been applied to satisfy the notes and mortgage. 2 Pars. on Cont. 631; *Thornycraft* v. *Crocket,* 16 Sess. 445.

The mortgage requires the application of *all* the proceeds of the mine to the payment of the notes and mortgages, not the *net* proceeds. Courts should construe, not make contracts. *Bradley* v. *W. A. C. S. P. Co.,* 13 Pet. 98.

The decree in the case is void, it is supported neither by pleadings nor evidence.

WADE, C. J. This is an appeal from an order granting a new trial. Two questions are involved in the solution of the case, viz.: First. Does the complaint state facts sufficient to constitute a cause of action? And, second, if not, was the defect cured by the subsequent pleadings, trial and decree rendered in the case?

The action was instituted to foreclose a mortgage, and it be-

comes necessary, in order to properly understand the questions involved to state some of the facts in the case.

George Plaisted and William Nowlan were partners, and as such owned the Atlantic Cable Quartz Mill. Alexander Aiken and John B. Pearson were the owners of a two-thirds interest in the Atlantic Cable Quartz Lode. Under and by virtue of a certain written contract entered into between Plaisted and Wheelock, and Aiken and Pearson, on the 14th day of October, 1867, which by purchase and assignment became the contract of Plaisted and Nowlan, parties of the first part, and Aiken and Pearson, parties of the second part, the former agreed to construct a quartz mill, and to crush quartz thereat from the Atlantic Cable mine, for the latter, to the amount of ten thousand tons, at an agreed price per ton. In pursuance of this contract, the mill was constructed, and certain quartz crushed, whereby the parties of the second part become indebted to the parties of the first part in the sum of $40,000, to secure the payment of which they executed to Nowlan their three promissory notes, two for the sum of $13,500 each, and one for the sum of $13,000, on the 17th day of July, 1868, together with a mortgage to secure the payment of the same, upon their interest in the Cable mine, $22,928.$\frac{91}{100}$ of which indebtedness Plaisted claimed as being due to himself and Nowlan as partner, and as rightfully belonging to their partnership assets, and that Nowlan caused the notes and mortgage to be executed and delivered to himself, in fraud of the rights of his copartner. Subsequently Nowlan assigned these notes and mortgages to the banking firm of Nowlan & Weary, which becoming insolvent, made a general assignment to one Henry Thompson, and thereafter one Daniel C. Corbin, by order of the court, was substituted as such assignee, and with other property received the notes and mortgage aforesaid.

Thereupon Plaisted, on the 27th day of September, 1869, commenced an action against Aiken and Pearson, and Nowlan & Weary, and Corbin, to cause these notes and mortgages to the extent of $22,928.91 to be declared partnership assets of the firm of Nowlan & Weary, and for the foreclosure of the mortgage.

Prior to the commencement of this action, and in the month

of May, 1869, Plaisted had instituted an action against Nowlan & Weary and Corbin for a dissolution of the copartnership between himself and Nowlan, for an accounting between them of all their copartnership dealings, transactions, and property, and for a decree declaring the said notes and mortgage to the extent of $22,928.91, and interest thereon, partnership assets, which action was on the 20th day of December, 1870, brought to a trial and decree, whereby it was adjudged and decreed that the copartnership be dissolved; that the notes and mortgage of July 17, 1868, to the extent of $22,928.91, together with other property therein named, be declared partnership assets of the firm of Nowlan & Plaisted; that the transfer and assignment of such notes and mortgage to Nowlan & Weary, and by them to Thompson and Corbin, to the extent of such sum be set aside and held for naught; and that Plaisted be authorized and empowered to enforce the collection of such notes and mortgage in his own name, but for the benefit of Plaisted and Nowlan. In pursuance of this decree, on the 22d day of May, 1871, Plaisted filed his supplemental complaint in the action of September 27, 1869, setting up such adjudication and making the decree a part of such complaint.

The proposition upon which a new trial was granted is, that the complaint and supplemental complaint, so filed in pursuance of such decree, do not sufficiently or properly aver that the promissory notes, upon which the action was instituted, had not been paid. In other words, that there was no sufficient allegation of a breach of contract. The averments of the complaint are that " the plaintiff further shows that on the 17th day of July, 1868, a large sum of money, to wit, the sum of twenty-two thousand nine hundred and twenty-eight dollars and ninety-one cents, became and was due and payable from the said Alexander Aiken and John B. Pearson to this plaintiff and the defendant William Nowlan, as such partners, on account of crushing quartz at their said mill, under and by virtue of the said contract. * * * The plaintiff further states, on the said 17th day of July, 1868, the said William Nowlan, as he alleges, to secure the payment of the said sum of $22,928.91, together with interest

thereon at the rate of three per cent per month, the said sum being at that time so due the plaintiff and said defendant Nowlan from said Aiken and Pearson under said contract, and the further sum of $17,171.09 claimed by said Nowlan to be due to himself from Aiken & Pearson, took certain promissory notes from them and a mortgage upon the two-thirds of said mining property, then owned by ·said Aiken & Pearson to secure the same, amounting to the sum of forty thousand dollars, which so far as the same relates to the sum of $22,928.91, the said Nowlan fraudulently took in his own individual name, and which said notes and mortgage were made payable to himself and not to this plaintiff, as in justice and equity and good conscience should have been done, a copy of which mortgage is hereto annexed and marked exhibit " A," and made a part of this complaint. * * * The plaintiff further states that the whole of said indebtedness, so accruing from said Aiken & Pearson out of crushing the said quartz ore, accrued and is due and owing under and by virtue of. the provisions of said contract, and was jointly due and owing to this plaintiff and the said Nowlan. * * * That the said notes and mortgage have long since by the terms thereof become due and payable, and there is due thereon on account of crushing under said contract, the said sum of $22,928.91, together with interest," etc.

There was a demurrer to the complaint, for the reason, among others, that the complaint did not state facts sufficient to constitute a cause of action, which was overruled. Thereupon the defendant Aiken answered, and among other defenses, admitted the execution of the notes and mortgage described in the complaint, and mortgage thereto annexed, by himself and Pearson, and averred that the same together with all interest thereon had been fully paid to Nowlan, and discharged, long before he knew that Plaisted claimed or had any interest therein. To this answer, Hershfield & Brother, who had been substituted as plaintiffs in the action in the place of Plaisted, filed their replication, in which they denied that the notes had ever been paid.

And thus the issues of the case were formed. There were other issues subordinate to this one growing out of the allega-

tions of the answer ; that the execution of the notes was procured by fraud ; that their consideration had partially failed ; and that Nowlan went into possession of the mine under the mortgage, and extracted therefrom large quantities of gold, which, besides paying the notes, left a large sum belonging to Aiken, for which, as a counter-claim, he asked judgment against Nowlan.

A trial ensued upon the issue as to whether or not the notes had been paid, and the court, after hearing all the evidence, and having referred certain issues to referees to hear the testimony thereon and make their report and findings, and having approved and adopted such report and findings, and having heard all other proof in the case, found as matter of fact as follows: " That said defendants have failed to pay said notes and mortgage, or any part thereof, and the amount named therein is still due. * * * And the court further finds that there is now due to said plaintiffs on said notes and mortgage the sum of $19,928.45."

Thereupon a decree of foreclosure in favor of plaintiff for such amount was duly rendered.

1. Does the complaint state facts sufficient to constitute a cause of action ?   The objection is that the averment, " that the notes and mortgage have long since, by the terms thereof, become due and payable," is a mere conclusion of law, and, therefore, that there is no allegation of a breach of the contract sued on.   What is the meaning of the allegation, " due and payable ?"   Judge SWAN, in his Pleadings and Precedents, page 188, says: " It is not only an allegation of title and interest in the subject of the action, but is also an allegation that the claim is a subsisting, existing debt, and unpaid."   To the same effect are the decisions of New York.   See *Kittalls* v. *Myers,* 19 N. Y. 231 ; *Allen & Carpenter* v. *Patterson,* 7 id. 478.   The fact that these cases were under codes providing that, in an action founded upon a promissory note, it shall be sufficient for a party to give a copy of the note, and to state that there is due to him on such instrument from the adverse party a specified sum, does not vitiate their authority as explaining the abstract meaning of the phrase, " due and payable."   See, also, *The United States* v. *North Car. State Bank,* 6 Pet. 29.

Our habit is to follow the decisions of the supreme court of California when applicable, having taken our Code from that State. That court has repeatedly held, in actions upon contracts for the payment of money, that an allegation that the amount of the debt is "due," or "due and payable," is a mere conclusion of law, and does not aver a breach of contract.

In the case of *Frisch* v. *Caler*, 21 Cal. 75, the court says : " The fact of non-payment is not directly alleged, the allegation being that there is now due, etc., which is a mere conclusion of law, and would not have stood the test of a demurrer." This question was not directly in the case decided, but it has been followed as authority, as a reference to the following cases will show. *Davanay* v. *Eggenhoff*, 43 Cal. 395 ; *Doyle* v. *Phœnix Ins. Co.*, 44 id. 264; *Roberts* v. *Treadwell*, 50 id. 520. In the last-named case the court says: " The complaint did not allege that the defendant had not paid the indebtedness, for the recovery of which this action was brought. It merely averred that 'the whole thereof was now due.' This defect in the complaint was pointed out by a special demurrer, which was overruled. The insufficiency of the complaint in the respect indicated was adverted to in *Frisch* v. *Caler*, 21 Cal. 71. Judgment is reversed and cause remanded."

In *Doyle* v. *Phœnix Ins. Co.*, the court says: " The allegation that the same ' is now due,' may be laid out of the case, inasmuch as that is a conclusion of law merely."

Under these authorities we must hold that the complaint is defective, in not alleging that the notes sued on still remain unpaid, and that no breach of the contract is alleged. But the authorities we have cited, and the ordinary use of language, however, shows that this defect is a mere technicality, and when a defendant has answered a complaint upon a promissory note, which alleged the amount of the indebtedness to be due and payable, by charging that the same had been fully paid and discharged, and a trial had ensued upon the issue as to whether or not the note had been paid, and where, as a matter of necessity, the proof must have covered the omitted or defective averment, after judgment, verdict or decree, we hold, under the provision of the

Code, that pleadings shall be liberally construed, with a view to substantial justice between parties, that such complaint would support such judgment or decree. Litigation must some time come to an end; and where a fair trial has been had upon substantial issues, it ought not to be disturbed for a technicality that did not and could not in any manner affect the substantial rights of the parties.

2. Was the defect in this complaint cured by the subsequent pleadings, trial and decree rendered in the case?

The execution of the notes as described in the complaint and mortgage, when they were given, and for what sums, the rate of interest and when payable, was all admitted by Aiken in his answer.

Some of these admitted facts appear by way of recital in the mortgage, which is made a part of the complaint, but such recitals are to be taken as averments unless objected to by special demurrer. *Winter* v. *Winter*, 8 Nev. 135. They are not reached by general demurrer. Aiken made no question as to the amount of the notes, the rate of interest they called for or when payable. He confessed that all these things were properly set forth in the complaint and mortgage. He simply raised the issue of payment, and alleged that the notes had been fully paid and discharged. This allegation the plaintiff denied, and the cause went to trial upon this issue. It was a fair and impartial trial upon the only question in the case, and the same testimony was adduced upon either side as if the issue had been presented by the complaint and answer.

A defective complaint may be cured when the material fact omitted therefrom has been supplied by the answer.

Upon this subject Mr. Pomeroy, in his valuable work on Remedies and Remedial Rights, says: "A defective complaint or petition may be supplemented, and substantial issues may thus be presented by the answer itself. When the plaintiff has failed to state material facts so that no cause of action is set forth, but these very facts are supplied by the averments of the answer, the omission is immaterial, and the defect is cured. This rule should properly be confined to the case where the answer affirmatively

alleges the very fact that is missing from the complaint, but it has in some instances been enforced, although the answer simply contained a denial of the necessary fact which should have been averred by the plaintiff." § 579, p. 630. If the averment in the complaint that the notes were " due and payable," is insufficient, the allegation of the answer that they had been fully paid and discharged, ought to raise an issue and cure the defect. The answer alleged in the affirmative, that which the complaint should have contained in the negative, and is within the spirit of the rule indicated, and after verdict or trial and decree, ought to cure the defect in the complaint. Alleging affirmatively in an answer that a note had been fully paid and discharged, ought to cure a mere technicality in a complaint, which substantially though not formally charged that the same was due and unpaid. Such an answer waives the informality and goes to the substance of the issue. Answering over ought to be held a waiver of a technical defect in the complaint, for the defendant might have stood upon his demurrer thereto. But in this case he preferred to answer to the merits, and thereby compelled a trial. His demurrer had been overruled. There was no occasion for the plaintiff to amend. Having forced a trial upon the only issue in the case, and having been defeated, he cannot now say that he was experimenting for a verdict in his favor, and fall back upon his demurrer.

If he compels a trial, when he ought to have stood upon his demurrer, then he must abide the trial, providing the complaint, by the aid of the answer, the trial and the verdict, can be sustained.

If the answer is in substance the same as it would have been if the complaint had not been defective, and a trial ensued, in which the same proof was received in evidence as if the complaint contained no informality, and if, in proving the defective averment, the proof was necessarily the same as if the averment had been perfect, then such defect is cured by the verdict or decision rendered in the cause, for the reason that it must, of necessity, be presumed that the proof supplied the missing averment. Upon this subject Mr. Chitty says: " The second mode by which defects in pleading may be in some cases aided is by intendment

after verdict. The doctrine upon this subject is founded upon the common law, and is independent of statutory enactments. The general principle upon which it depends appears to be, that where there is any defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required on trial proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict. The expression, *cured by the verdict*, signifies that the court will, after verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted in the pleading, was duly proved at the trial. * * * Wheresoever it may be presumed that any thing must, of necessity, have been given in evidence, the want of mentioning it on the record will not vitiate it after verdict." Chitty's Pleadings (16th Am. ed.), 705; see, also, *Addington* v. *Allen*, 11 Wend. 375; *Bowie* v. *Kansas City*, 51 Mo. 454; *Brown* v. *Saratoga R. R. Co.*, 18 N. Y. 495; *Hill* v. *Haskin*, 51 Cal. 175; *Manwell* v. *Manwell*, 14 Vt. 14; *Warren* v. *Warren*, 7 Greenl. 63; *Garner* v. *Marshall*, 9 Cal. 269; Stephen's Pl. 149; *Thomas* v. *Rosa*, 7 Johns. 462.; *Byard* v. *Malcomb*, 2 id. 550; *Pangburn* v. *Ramsay*, 11 id. 141; *Bank of Utica* v. *Sneeds*, 3 Cow. 635.

In this case the issue joined necessarily required on the trial proof of the facts defectively stated in the complaint, as to whether the amount of the notes was due and unpaid. In attempting to prove that they were due and payable as alleged, the plaintiffs must have proved that they were due and unpaid, and so the court found. The conclusion is irresistible, that in attempting to prove the facts imperfectly stated, they must have made such proof as would have supported the averment, had it been perfect and complete. Such proof, after verdict or decree, aids the averment and cures the defect. And it does not defeat the efficacy of such proof if, technically speaking, the defective averment was but a conclusion of law. Evidently it was an at-

tempt to state facts, and proof of this character, necessarily given upon a trial of the defective issue, must, in like manner, cure this as well as any other defect. And so we think it may safely be said that, where facts are entirely omitted, but are so connected with the facts alleged that the facts alleged could not be proved without proving those omitted, after verdict, the facts omitted will be presumed to have been proved upon the trial, and a defective complaint, aided by such proof, will support a judgment.

3. There is one other consideration. The issue had been tried. It was the only one there was, or ever could be, in the case. It was tried as if a breach of the contract had been properly alleged. Proof had been introduced, *pro* and *con*, upon the issue. The question had been fairly adjudicated as to whether or not the notes had been paid. After the decree had been entered, and on argument of the motion for a new trial, the plaintiffs moved for leave to amend the complaint, so as to make the issue in the pleadings correspond with the proof, and under the decisions of this court we are unable to see any good reason, even after judgment, why such leave was not granted. See *Hartley* v. *Preston*, 2 Mon. 415; *Wormall* v. *Reins*, 1 id. 630.

Admonished by that provision of the Code which declares that the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the parties, and that no judgment shall be reversed or affected by reason of such error or defect, and holding that the technical defect in the complaint was, after judgment and decree, cured by the averment of the answer and by the trial that ensued, in which evidence was necessarily heard upon the very fact omitted from the complaint in attempting to prove the facts defectively alleged, and believing that a defective complaint, when so aided, will support a judgment, and seeing no reason why leave was not given to amend the complaint so as to make the issue in the pleadings correspond with that of the proof, we think the court erred in granting a new trial, and the order granting the same is, therefore, set aside, and the cause is remanded, with directions to the court below to allow appellants to amend their complaint and to overrule the motion for a new trial. *Judgment reversed.*