## VOGEL v. WALKER ET AL.

ACTION BY MORTGAGEE AGAINST TRESPASSER FOR DEPRECIATING MORTGAGE SECURITY—SUFFICIENCY OF COMPLAINT IN.—In an action by a mortgagee against a trespasser upon mortgaged property for a trespass which has resulted in depreciating the security of the mortgagee, it should clearly appear that, at the commencement of the action, an indebtedness was due from the mortgagor, for the security of which the mortgage was given. Therefore, where, prior to the commencement of such action, a foreclosure sale had been made of the mortgaged premises upon which the trespass was alleged to have been committed, the proceeds of which had failed to satisfy the mortgage, and a deficiency judgment was docketed, a complaint which fails to allege that such judgment is unsatisfied, and that there is an unpaid indebtedness due thereon, does not state a cause of action against the trespassers. Allegations of the issuance of execution on the deficiency judgment and a return thereon *nulla bona*, and of the insolvency of the mortgagor, are insufficient.

APPEAL by the plaintiff from a judgment of the third district court, entered for the defendants on demurrer.

The complaint alleged that the plaintiff was mortgagee of certain premises; that a decree of foreclosure had been entered and a sale made thereunder, at which the plaintiff became the purchaser; that the proceeds of sale had failed to satisfy the mortgage, and upon a proper return of the officer a deficiency judgment was docketed for plaintiff, and against James Crossley, the mortgagor, for seven hundred and fifty-four dollars and forty-one cents; that the mortgage was executed and recorded October 18, 1876, and the foreclosure sale made November 29, 1880. The date of the docketing of the deficiency judgment was not alleged.

The complaint also contained the following allegations:

" That afterward, on the     day of December, 1880, an execution was duly issued upon said judgment, and has been duly returned wholly unsatisfied, and the said James Crossley is now insolvent. That a part of the foregoing real property consisted of a brewery. In it, and as a part thereof, and a part of the said real estate at the time of the execution of the said mortgage conveyance, was a boiler, engine, and appurtenances used with and attached to said realty. That on the     day of October, 1879, the defendants, by their agents and servants, entered upon the said real property, and took therefrom the said boiler, engine, and appurtenances, without the

knowledge or consent of plaintiff, and converted the same to their own use. That by the acts of the defendants the said mortgage security was greatly depreciated, and plaintiff has been damaged in an amount equal to her said judgment of deficiency against the said James Crossley. That on the tenth day of August, 1877, plaintiff intermarried with one Herman Vogel, whose wife she now is. That the money alleged to have been loaned to the said James Crossley was property acquired by her before the said marriage, and the mortgage given to secure the same, and avails of said money and mortgage, including said judgment of deficiency, are her separate estate. Wherefore, plaintiff asks judgment for seven hundred and fifty-four and forty hundredths dollars, with interest and costs of suit."

The defendants demurred, assigning as causes of demurrer—

1. That the several causes of action therein have been improperly united, to wit: 1. Damages to the realty; 2. Lessening mortgage security; 3. Conversion of personal property.

2. That the said complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants.

3. That the said complaint is ambiguous, unintelligible, and uncertain, in this, to wit: 1. The value of the property alleged to be converted is not stated; 2. The amount of the alleged injury to the realty is not stated; 3. No mention, whatsoever, is made of the financial standing or otherwise of Mary Crossley, or of her solvency or insolvency.

4. That the several causes of action therein are not separately stated.

In the district court the demurrer was sustained, and final judgment was entered for the defendants, dismissing the action with costs. The order sustaining the demurrer and the final judgment were made at the same time and appear in the same entry. No leave to amend was given the plaintiff, and the record does not disclose that she asked leave to amend.

*R. B. Tripp*, for the appellant.

*C. K. Gilchrist*, for the respondents.

The briefs of counsel are not directed to the question decided by the court, and therefore are not inserted.

TWISS, J.:

The plaintiff certainly had no claim against the defendants, unless there was something due to and owing her by reason of and under the deficiency judgment obtained by her against James Crossley. If that was paid, the mortgage debt was no longer in existence, and she not only had no claim against either of the Crossleys, but no pretense of claim against the defendants. Without expressing any opinion as to the sufficiency of the allegations of the issuance and return of the execution issued upon that judgment, but considering as admitted that the execution was in due form of law; that it was placed in the hands of a proper officer for service; that he made diligent search for property of James Crossley and found none; that the officer, in due form, made return thereon of such facts, and returned the execution to the clerk in December, 1880; and that James Crossby at the time this action was commenced, March 14, 1881, was insolvent—it by no means follows, as a legal sequence, that on the last-named date the judgment was in force, or that by virtue thereof or otherwise the judgment debtor was indebted to or owing the plaintiff any sum whatever. The complaint contains no allegation of any existing indebtedness to the plaintiff from either of the Crossleys at the time the action was commenced.

In *Frisch* v. *Calver*, 21 Cal. 71, the court say: "It is necessary in an action on a promissory note to allege that the note has not been paid." *Hershfield et al.* v. *Aiken et al.*, 3 Mont. 442, was an action to foreclose a mortgage given to secure the payment of two promissory notes. One of the questions involved in the case was, "Does the complaint state facts sufficient to constitute a cause of action?" Upon this point the court, after citing *Frisch* v. *Calver, supra; Davanay* v. *Eggenhoff*, 43 Cal. 395; *Doyle* v. *Phœnix Ins. Co.*, 44 Id. 264; and *Roberts* v. *Treadwell*, 50 Id. 520, say: "Under these authorities we must hold that the complaint is defective in not alleging that the notes sued on still remain unpaid, and that no breach of the contract is alleged."

The principle of law and rule of pleading stated in these cases are undoubtedly correct, and I can conceive of no reason for an exception to the rule excepting the plaintiff from the necessity of alleging that the deficiency judgment was not paid. That it was not paid should have been so clearly and concisely stated that reference to extraneous allegations in aid of such statements would be unnecessary and redundant.

There being no allegation of existing indebtedness on the part of James Crossley to the plaintiff by reason of or upon the deficiency judgment, the complaint contains no cause of action against the defendants, and therefore it is unnecessary to consider any of the other questions presented by the briefs and arguments of counsel.

The demurrer to the complaint was rightfully sustained, and the judgment of the district court is affirmed.

HUNTER, C. J., concurred.

EMERSON, J., dissented.