### THOMPSON, Receiver, *v.* PHŒNIX INS. CO.

#### (*Circuit Court, D. Oregon.* November 8, 1885.)

1. **LIMITATION ON RIGHT TO SUE ON A POLICY OF FIRE INSURANCE.**

   A policy of insurance contained in effect this stipulation: (1) No action shall be commenced thereon to recover for a loss thereunder until the amount thereof be ascertained by agreement or arbitration; and (2) no such action shall be maintained unless commenced within one year after the date of the fire from which the loss occurred. *Held,* that unless the assured was prevented by the action or non-action of the insurer in the matter of ascertaining the amount of the loss, he must commence his action therefor within the time specified in the stipulation.

2. **REFORMATION OF POLICY.**

   A demurrer to a bill for the reformation of a policy of insurance will be sustained when it appears that, by reason of the lapse of time, no action can be maintained thereon for any cause, when reformed. A court will only decree the reformation of an instrument as a means of enabling a party thereto to assert or maintain some right thereunder.

Suit to Reform a Policy of Insurance.

*Henry Ach,* for plaintiff.

*P. L. Willis* and *Milton Smith,* for defendant.

DEADY, J. On April 21, 1884, the defendant, in consideration of the sum of $300 paid to it by E. S. Kearney, insured him as "receiver for *Holladay* v. *Holladay,*" in the sum of $5,000 against loss or damage by fire on a half interest in the Clarendon hotel and furniture for the term of one year from April 27th; and on the night of May 19, 1884, the property was destroyed by fire. This suit was brought on July 10, 1885, to reform the policy by the plaintiff, as the successor of Kearney in said receivership. The bill alleges that by mistake the policy was made payable to said Kearney "instead of the receiver in said suit of *Holladay* v. *Holladay* and his successors, and for the benefit of whom it might concern;" and prays that it may be reformed by adding therein, after the words "E. S. Kearney," the words "as receiver in the suit of *Benjamin Holladay* against *Joseph Holladay,* for and on account of his successors as such receiver, and for the benefit of whom it might concern;" "and that the sum so insured by said defendant on said building and furniture be paid to your orator accordingly." The defendant demurs to the bill, and for cause of demurrer

assigns, among others, the following:    "The plaintiff's right is barred because he did not commence this suit within twelve months next after the date of the fire from which the loss occurred."    The policy contains a stipulation to the effect that a loss arising thereunder is not payable until the proof thereof is furnished, and, in case of arbitration, the award fixing the amount thereof is had; and also this:

"It is furthermore hereby expressly provided and mutually agreed that no suit or action against this company for the recovery of any claim by virtue of this policy shall be maintainable in any court of law or chancery until after an award shall be obtained fixing the amount of such claim in the manner above provided, nor unless such suit or action shall be commenced within twelve months next after the date of the fire from which such loss shall occur; and should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

There is no claim that the right to bring this suit has been delayed over a year from the date of the fire from which the loss occurred by any dispute concerning the value of the property destroyed.    On the contrary, it appears from the bill that the proof of the loss was duly made, and that the amount is not contested, but that the payment thereof is refused to the plaintiff solely on the ground that by the terms of the policy it is payable to Kearney only.    Therefore the question does not arise in this case whether an action could be maintained on this policy by the assured, after the expiration of a year from the date of the fire, in case he had been delayed in the commencement of the same on account of a dispute and arbitration concerning the amount of the loss.    Cases may arise under such a policy when the dispute and arbitration are, without any fault of the assured, so prolonged that, unless he is allowed to commence an action after the expiration of a year from the date of the fire, he would, under the combined operation of these two stipulations, be deprived of all legal remedy.    But in this case the suit was not brought until 13 months and 21 days after the fire at which the loss occurred, and no excuse or reason is given for the delay.

It is well established that a stipulation limiting the time within which an action may be brought on a policy of insurance is valid and binding on the parties thereto; but that if it is ambiguous, either in itself or taken in connection with other provisions or stipulations in the policy, the ambiguity must be resolved in favor of the assured. See *Spare* v. *Home Mut. Ins. Co.*, 9 Sawy. 145; S. C. 17 Fed. Rep. 568, and cases there cited.    The stipulation for limitation in this policy is, considered by itself, plain, and susceptible of but one meaning; and, putting aside the provision concerning an award as inapplicable in this instance, there is nothing in the policy to qualify or render it doubtful.

Unlike the stipulation in *Spare* v. *Home Mut. Ins. Co., supra,* in which the right to sue was limited to one year from the time the loss

"occurred," which, in conjunction with the 60 days also allowed the company to ascertain whether any loss had "occurred," and make payment thereof, was held to mean one year from the expiration of said 60 days, the limitation in this case is a year from a day certain, to-wit, the day of the fire. And unless the assured is prevented by the action or non-action of the company in the matter of ascertaining the amount of the loss from commencing an action within that time, he must do so or he will be barred therefrom.

But it is said that this is a suit to reform this contract as well as to enforce it, and that the stipulation as to time does not apply to a suit for such relief, and therefore the demurrer is too broad and must be overruled. But the court will not reform an instrument merely for the sake of reforming it, but only to enable a party to assert some right thereunder. And if an action thereon by the assured to recover the amount of loss is already barred by lapse of time, there is no claim that can be asserted under it against the defendant.

In *Davidson* v. *Phœnix Ins. Co.*, 4 Sawy. 594, Mr. Justice FIELD held, in a case like this, that when the remedy on the policy for the insurance was barred, according to the stipulation therein, by lapse of time, the court would not undertake to reform the instrument because there was "no occasion" for so doing. This conclusion is not reached without reluctance. So far as appears, there is, in good morals, no sufficient reason why the defendant should not pay this claim according to the real intention of the parties to the contract; that is, to the receiver for the time being in the case of *Holladay* v. *Holladay*, for the benefit of whom it may concern. Such cases as this suggest the necessity of some legislation simplifying the contract of insurance, and, within certain limits, declaring its effect, and, in case of loss, who may claim the benefit of it and maintain an action against the insurer to enforce it. But as it is, the parties to this contract have deliberately agreed that unless the assured brings his action to recover for the loss within a year from the date of the fire, he is forever barred from so doing, and the court cannot disregard the stipulation. Nor is it intended to suggest that this limitation of the time in which to sue is either unwise or unjust. In this class of cases especially, every consideration of justice and convenience require that claims for losses should be speedily settled, while the witnesses are within reach and the facts are fresh in their recollection. But the law should have come to the aid of this defective contract and authorized the plaintiff to maintain an action thereon to recover this loss, as the successor in office of the person who effected the insurance, for the benefit of whom it might concern, without any reformation of the instrument, or delay on that account.

The demurrer is sustained and the bill dismissed.