[No. 14164.   Department One. — July 5, 1891.]

## F. M. NOTMAN, RESPONDENT, *v.* JOHN W. GREEN, APPELLANT.

ACTION UPON NOTE — PLEADING — NON-PAYMENT. — A complaint in an action upon a promissory note which contains no allegation of non-payment of the note is fatally defective.

ID. — INSUFFICIENT ALLEGATION. — An allegation that "no part of" the principal sum mentioned in the note, with the interest thereon, "still remains due and unpaid," is not an allegation of non-payment.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*A. B. Hotchkiss*, for Appellant.

There is no allegation of non-payment in the complaint, and the judgment appealed from must be reversed.   (*Scroufe* v. *Clay*, 71 Cal. 123; *Richards* v. *Travelers Ins. Co.*, 80 Cal. 505.)

*E. E. Powers*, and *Max Lowenthal*, for Respondent.

It is perfectly apparent that the mistake in the paragraph set out is caused by the accidental insertion of the words "no part of," and this, being a clerical error, should be disregarded by the appellate court.  (*Began* v. *O'Reilly*, 32 Cal. 11; *Younglove* v. *Nixon*, 61 Cal. 301; *Willard* v. *Archer*, 63 Cal. 33; *George* v. *Silva*, 68 Cal. 272; *Gassen* v. *Bower*, 72 Cal. 555; *Thomas* v. *Jameson*, 77 Cal. 91; *Ex parte Fil Ki*, 79 Cal. 584.)

GAROUTTE, J. — This is an action upon a promissory note, and to foreclose a mortgage upon real estate given to secure the same. Defendant filed a general demurrer, which was overruled, whereupon he failed to answer, and judgment was finally rendered against him, and the realty sold under execution. He appeals from the judgment, and insists that the complaint is fatally defective in this, that there is no allegation of non-payment of the note.

The only allegation in the complaint referring to this matter is as follows: " That all the interest on the said principal sum mentioned in said promissory note and in the said mortgage has been paid up to February 26, 1888, and no part of the principal sum mentioned in said promissory note and mortgage, together with the interest thereon at the rate of ten per cent per annum from the twenty-sixth day of February, 1888, compounded quarterly, still remains due and unpaid from said defendant to said plaintiff."

We may safely assume that this allegation of the pleader does not express his intention and desires at the time. He insists that the defect of the allegation consists in a clerical error, in the accidental insertion of the words " no part of."

It is not our province to speculate how the allegation happened to be framed as it is; it is sufficient to say it is not an allegation of non-payment of the note, and therefore the complaint is fatally defective. (*Scroufe* v. *Clay*, 71 Cal. 123; *Richards* v. *Travelers Ins. Co.*, 80 Cal. 506.)

Appellant sits quietly by, allows his demurrer to be overruled for lack of presentation of the defects of the complaint to the court, permits the court to hear evidence and enter its judgment, allows respondent to sell the premises, which are inadequate to pay the judgment, at his own cost and expense, and then appeals from a judgment based upon a complaint clearly insufficient, and which would have been ordered amended by the court upon the slightest notice of the defects.

It would afford us pleasure if we were acquainted with some principle of law that would justify us in affirming this judgment, but we know of none.

Let the judgment be reversed, and the cause remanded.

HARRISON, J., and PATERSON, J., concurred.