HERNÁNDEZ v. MUÑIZ.

APPEAL from the District Court of Mayagüez.

No. 58.—Decided January 15, 1906.

APPEAL—APPEARANCE OF PARTIES IN THEIR OWN BEHALF.—Where a party has appeared in his own behalf before a lower court and no objection is made thereto, objection cannot be subsequently raised before the appellate court.

COMPLAINT ON NOTE—ALLEGATION—MATERIAL—APPEAL.—In a complaint upon a promissory note an allegation of its nonpayment is material, and if omitted the complaint is demurrable, but such defect cannot be raised for the first time on appeal.

ID.—COMMERCIAL INSTRUMENTS.—Promissory notes payable to order and the endorsements thereon should be considered as commercial instruments in accordance with the provisions of article 2 of the Code of Commerce, because they are expressly defined in said Code, the presumption being .that they arise from commercial transactions in the absence of evidence to·the contrary.

ID.—PRESCRIPTION.—Actions arising out of commercial promissory notes prescribe after three years counting from the date upon which the:same fall due.

The facts are stated in the opinion.

*Mr. Hernández Usera* for appellant.

The respondent did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This was a suit brought upon a promissory note, which reads as follows:

"For $1,009.72 provincial money. For the 30th of October, 1898. I promised to pay in the city of·Mayagüez, on the 30th day of October, 1898, to Mr. Antonio Castañer y Morel or to his order, the sum of one thousand and nine dollars and· seventy-two cents ($1,009.72) current money, value received to (my) satisfaction. If for any reason the payment cannot be made, and the purchaser should agree to extend the time, I obligate myself to pay interest at the rate of 1½ per cent per month during the time of such extension. For the faithful payment of this obligation I mortgage the properties I now possess and those I may possess in the future, according to law. I renounce all right of domicile and court, submitting myself to that of the creditor. Mayugüez, 20th of February, 1898.—Signed: Domingo Paoli, by request of Santos Muñiz, who does not know how to sign. Witnesses: R. Maranjas, Ramón Sepúlveda."

This note was, on the 30th of December, 1904, transferred to Augustín Hernández Mena, the plaintiff, by the following endorsement:

"Pay to the order of Mr. Agustín Hernández Mena, value received without any further responsibility. Mayagüez, 30th December, 1904.—A. Castañer."

On the 10th of February, 1905, suit was brought on the note in the District Court of Mayagüez, and on the 30th day of the same month an answer was filed by the defendant,

pleading partial payment and the statute of limitations. On the 24th of April of the same year a trial was had, and on the 2d of May, following, a judgment was rendered by the court in favor of the plaintiff for the full amount of the note, interest and costs.

From this judgment of the District Court of Mayagüez the defendant took an appeal to this court, and his counsel here sets out five grounds on which he claims that the judgment should be reversed. They will be considered in the order in which they are presented.

1. The first objection is that the plaintiff, Hernández, appeared in his own behalf and filed a petition, representing himself, without a lawyer, before the District court. Appellant's counsel refers to section 51 of the Code of Civil Procedure now in force, and which was in effect at the time the suit was brought in this case. As this objection was not raised in the court below, and as it is not fundamental, it cannot be considered by this court.

2. The second objection to the judgment rendered by the court below is that the petition itself does not state facts sufficient to constitute a cause of action. This point was not raised by demurrer in the court below, and the question presented here is whether, if it is well taken, it is a fundamental defect and requires a reversal of the judgment. Undoubtedly in every suit upon a promissory note the failure to pay constitutes a breach of the contract, and this failure must be alleged in the complaint. This is well established everywhere, and particularly in California, by the following cases: *Frisch* v. *Caler*, 21 Cal., 71; *Davanay* v. *Eggenhoff*, 43 Cal., 395; *Scroufe* v. *Clay*, 71 Cal., 123; *Notman* v. *Green*, 90 Cal., 172; *Darney* v. *Vigoreaux*, 92 Cal., 631; *Bank of Shasta* v. *Boyd*, 99 Cal., 604. This defect, however, is not fundamental, but should have been called to the attention of the court by an appropriate demurrer on the trial in the court below. Having failed to do this there the appellant cannot claim advantage of the matter here.

3. The third point made by the attorney in this court, which was also presented and insisted on in the court below, is that the suit brought upon this note was barred by the statute of limitations before the institution thereof. This point is well taken. The note is made payable to order, and, under the Code of Commerce of Porto Rico, is a mercantile paper and governed by the Code of Commerce. The note was signed on the 20th of February, 1898, and the suit was instituted on the 10th of February, 1905, nearly seven years thereafter. The note fell due upon the 31st of October, 1898, and under article 950 of the Code of Commerce was prescribed in three years from the date it fell due on the 31st of October, 1901; that is to say, three years and three months before suit was brought. Under the Decisions of the Supreme Court of Spain there can be no doubt that this note is governed by the Code of Commerce, and that the prescription of three years applies. Reference may be made to the Decisions of the Supreme Court of Spain of the 25th of January, 1898, which holds that promissory notes payable to order and endorsements made thereon should be considered as commercial instruments in accordance with article 2 of the Code of Commerce, as they are expressly defined in the said law, the presumption being therefore that they proceed from commercial transactions, where there is no evidence to the contrary.

4. The fourth and fifth points made by appellant's counsel being included within the foregoing are not necessary to be noticed further.

Suit having been brought in this case on a note which was barred by the statute of limitations, and that statute having been properly pleaded in the court below, and the plea disregarded by the trial court, and the same point being again presented in this court, it is necessary that the judgment for the District Court of Mayaguez, entered on the 2d of May, 1905, should be reversed, and José de los Santos Muñiz should

be acquitted from all liability in this case, with the costs of this suit against Agustín Hernández Mena.

*Reversed.*

Chief Justice Quiñones, and Justices Hernández, Figueras and Wolf concurred.