[Civil No. 951.   Filed March 30, 1906.]

[85 Pac. 723.]

## JOHN DESSART et al., Defendants and Appellants, v. W. A. BONYNGE, Plaintiff and Appellee.

1. PLEADING—DEMURRER—WAIVER.—Where a demurrer is interposed to a complaint, and no ruling is had thereon, and the parties go to trial without calling the court's attention thereto, the demurrer is waived.

2. SAME — REFORMATION OF A TRUST-DEED — GROUNDS — INTEREST — NECESSITY OF SHOWING.—A complaint in an action to reform a trust-deed, given to secure the payment of a note, so as to include other property, which fails to show that the debt secured has not been paid, is fatally defective.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Santa Cruz. F. M. Doan, Judge. Reversed.

The facts are stated in the opinion.

Selim M. Franklin, for Appellant.

It is not alleged in the complaint that the promissory note to secure which the homestead was to have been mortgaged is still unpaid. This is a most material allegation, and if non-payment is not alleged, the complaint is bad. *Lent* v. *New York etc. Ry. Co.,* 130 N. Y. 504, 29 N. E. 988; *Notman* v. *Green,* 90 Cal. 172, 27 Pac. 157; *Barney* v. *Vigoreaux,* 92 Cal. 631, 28 Pac. 678.

Ben Goodrich, for Appellee.

CAMPBELL, J.—This action was brought to reform a deed of trust executed by John Dessart and Alice Dessart, his wife, to W. A. Bonynge. Defendant Marsh is an attaching creditor of the Dessarts. From a decree reforming the instrument, as sought, the defendants appeal.

The complaint alleges that, by mistake of the scrivener employed to draft the instrument, a certain piece of real estate, the homestead of the Dessarts, was omitted, and that Marsh had notice of this omission at the time he caused the

property to be attached. A demurrer was interposed to the complaint, but an examination of the record discloses that no ruling was had thereon, and that the parties proceeded to a trial of the cause upon the merits, without calling the attention of the court to the demurrer. Under such circumstances the demurrer is waived, and therefore some of the questions raised in appellants' brief need not be noticed, as it is too late to raise them for the first time on appeal. Several other questions, however, are properly raised by the assignment of errors, among them whether the complaint wholly fails to state a cause of action, and whether the court erred in denying a motion for a new trial, based upon the ground that the evidence does not sustain the judgment.

It appears from the complaint and from the trust-deed in evidence that the instrument was executed for the purpose of securing the payment of a note given by John Dessart and one L. F. Swain, held by the Commercial National Bank of Los Angeles, California, the beneficiary under the deed of trust. There is no allegation in the complaint that this note, though past due at the time the action was brought, had not been paid. Furthermore, there is no testimony in the record showing that the indebtedness secured by the deed of trust had not been satisfied, nor is there any finding of the court on the subject. A bill or complaint seeking the reformation of an instrument should show every element necessary to entitle the complainant to equitable relief. "The bill must show that the plaintiff is entitled to the relief sought, and must allege some equity superior to that of the party against whom he seeks it." 18 Ency. of Plead. & Prac., p. 804. It would be an entirely idle proceeding for a court to reform an instrument, unless some right could be enforced under it after its reformation. A court will not reform an instrument merely for the sake of reforming it. *Thompson* v. *Phœnix Ins. Co.,* (C. C.) 25 Fed. 296. So far as may be ascertained from the pleadings, evidence, or findings in this case, the trust raised by the instrument reformed was fully executed at the time the suit was brought, and the only effect of the decree is to cast a cloud upon the title to the Dessarts' property and prevent the enforcement of the rights of the attaching creditor, against whom, certainly, no superior equity is shown. Had this been an action to foreclose the trust-deed or mortgage,

the complaint would have been fatally defective without an allegation of non-payment (*Notman* v. *Green,* 90 Cal. 172, 27 Pac. 157; *Lent* v. *New York Ry. Company,* 130 N. Y. 504, 29 N. E. 988), and this could have been first raised upon appeal. *Ryan* v. *Holliday,* 110 Cal. 335, 42 Pac. 891. If such an allegation is necessary to authorize a court of equity to assist a trustee in foreclosing his trust, we can perceive no reason why it is not equally necessary in an action to reform a deed of trust. In our opinion the complaint is fatally defective, and the evidence does not sustain the judgment. The conclusion at which we have arrived on these points makes it unnecessary to consider the other questions raised in the case.

The judgment of the lower court is reversed, and the case is remanded for further proceedings in conformity with this opinion.

KENT, C. J., and SLOAN, J., concur.