[No. 14986. Department One. — November 28, 1892.]

JOSEPH W. FISH, APPELLANT, v. MARY McCARTHY, GUARDIAN, ETC., RESPONDENT.

MECHANICS' LIENS — GUARDIAN AND WARD — ORDER OF COURT ESSENTIAL TO AUTHORIZE BUILDING CONTRACT. — The guardian of a minor cannot subject the estate and property of the ward to a mechanic's lien arising from work done and materials furnished under a contract for the erection or repair of a building which is the property of the ward, without first obtaining an order of the court authorizing the guardian to make the contract.

ID. — VALIDITY OF CONTRACT ESSENTIAL TO VALIDITY OF LIEN. — A mechanic's lien arises from work done and materials furnished under an obligatory contract, and if the contract be not binding, the lien necessarily fails.

ID. — CONTRACT OF INFANT. — An infant is not bound by his contract for the erection or repair of a building.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*Ash & Mathews*, for Appellant.

*Stafford & Stafford*, for Respondent.

VANCLIEF, C. — Action to enforce a mechanic's lien. The court sustained a general demurrer to the complaint, and plaintiff declining to amend, judgment passed for defendant.

Plaintiff appeals from the judgment on the judgment roll, and contends that his complaint was sufficient.

The complaint shows that the defendant, Mary McCarthy, in her character of guardian of the persons and

estates of Mary, Joseph, and Patrick Powers, minors, employed the plaintiff to repair a certain building, the property of her wards; that plaintiff repaired the building and furnished all materials necessary for that purpose; that the materials and labor were reasonably worth $120; and that he regularly filed with the recorder his claim and notice of lien.

The wards are also made defendants, but the guardian is sued only in her official capacity.

I think the following opinion of the learned judge of the trial court expresses the law of the case and should be adopted: "This is an action to enforce a mechanic's lien. The work performed, materials furnished, for the value of which the lien is sought to be enforced, was performed as per notice for the defendant, Mary McCarthy, guardian of the persons and estates of certain minors, who are also joined as parties defendant. Assuming that the allegation in question is equivalent to an averment that the defendant, McCarthy, as guardian of the minor defendants and *on their behalf*, made the contract in question, it seems clear that the defendant, as such guardian, could not subject the estate and property of her wards to a lien, such as is here sought to be enforced, without first obtaining an order of court authorizing her to do so. The supreme court of this state, in *Guy* v. *Du Uprey*, 16 Cal. 196, 76 Am. Dec. 518, have directly so held. And the same rule is maintained by other courts. (See Phillips on Mechanics' Liens, sec. 111; also *Hunt* v. *Maldonado*, 89 Cal. 636.) As the mechanic's lien arises from work done and materials furnished under an obligatory contract, if the contract be not binding, the lien necessarily fails. An infant is not bound by his contract, except in certain cases, in which the erection of a building is not included." (See also Phillips on Mechanics' Liens, sec. 108; Schouler on Domestic Relations, sec. 351.)

I think the judgment should be affirmed.

TEMPLE, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

HARRISON, J., PATERSON, J., GAROUTTE; J.

Hearing in Bank denied.