|103  213|
|125  127|

[No. 15223.   Department Two.—June 26, 1894.]

CORA B. WYMAN, Appellant, *v.* JAMES MOORE
ET AL., Respondents.

Illegal Contract—Parties in Pari Delicto—Action Not Maintain-
ABLE.—Where the right of a plaintiff to recover rests upon the alleged
illegality of contracts respecting wheat, and it appears that the plain-
tiff is not an innocent party to such transactions, but took part in and
ratified them, he being a party *in pari delicto,* cannot maintain the
action.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*George D. Collins,* for Appellant.

The dealings between the defendants' and plaintiff's
agent were in the nature of gambling transactions, and
in contravention of the law; being illegal, the money
expended thereon may be recovered in an action for
money had and received, the plaintiff not being *in pari
delicto.* . (*Irwin* v. *Williar,* 110 U. S. 499; *Lyon* v. *Cul-
bertson,* 83 Ill. 33; 25 Am. Rep. 349; *Matter of Chandler,*
14 Am. Law Reg., N. S., 310; *Bigelow* v. *Benedict,* 70
N. Y. 202; 26 Am. Rep. 573; *Kingsbury* v. *Kirwan,* 77
N. Y. 612; *Pickering* v. *Cease,* 79 Ill. 328; *Rudolph* v.
*Winters,* 7 Neb. 125; *Gregory* v. *Wendell,* 39 Mich. 344;
33 Am. Rep. 390; *Doxey* v. *Spaids,* 8 Ill. App. 549; *Nor-
ton* v. *Blinn,* 39 Ohio St. 149; *Hall* v. *Marston,* 17 Mass.
579; *Mason* v. *Waite,* 17 Mass. 563; *Knapp* v. *Hobbs,* 50
N. H. 478.)   Even if the plaintiff was *in pari delicto,* the
transactions are covered by section 26 of article IV of
the state constitution, and the moneys paid may be
recovered under that provision of the law.

*Otto tum Suden,* and *W. S. Goodfellow,* for Respondent.

The transaction was perfectly legal.   The mere fact
that margins are exacted does not make the contract

illegal, nor yet the fact that at the time of the fulfillment one of the parties makes default, and the parties settle upon the basis of the difference between the contract price and the market price at the time of the crash. (*Hatch* v. *Douglas*, 48 Conn. 116; 40 Am. Rep. 154; *Union Nat. Bank* v. *Carr*, 15 Fed. Rep. 438; *Corbett* v. *Underwood*, 83 Ill. 324; 25 Am. Rep. 392; *Brua's Appeal*, 55 Pa. St. 294; *Smith* v. *Bouvier*, 70 Pa. St. 325; *Fareira*, v. *Gabell*, 89 Pa. St. 89; *Clarke* v. *Foos*, 7 Biss. 540; *Sawyer* v. *Taggart*, 14 Bush, 727.)

McFARLAND, J.—This action is, substantially, to recover money alleged to have been given by plaintiff to defendants, who were brokers, to be used by the latter for the former in buying and selling wheat. The business seems to have been profitable for a while, but afterwards ended in a loss. The court found that all of the allegations of the complaint were untrue, and all the allegations of the answer true, and rendered judgment for the defendants; and plaintiff appeals from the judgment and an order denying her motion for a new trial.

We think that the judgment and order should be affirmed. Waiving the question of the alleged illegality of the transactions about wheat—upon which illegality appellant rests her claim to a recovery—it appears that the appellant was not an innocent party to such transactions, but took part in and ratified them. Being therefore a party *in pari delicto*, the law leaves her where it finds her.

The judgment and order are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.