GEORGE DURYEA, Respondent, *v.* JOHN MACKEY et al., Appellants.

1. MORTGAGING DECEDENT'S REALTY — TEMPORARY ADMINISTRATOR. A temporary administrator has no authority, by virtue of his office, to mortgage the real estate of his decedent.

2. JURISDICTION OF SURROGATE. The jurisdiction of a surrogate to order the mortgaging of a decedent's real estate can only be exercised in the manner and by the procedure prescribed by the statute.

3. CONSENT OF ATTORNEYS. The consent of the attorneys for the parties to a contested probate proceeding cannot confer upon a surrogate jurisdiction to authorize a temporary administrator to mortgage the decedent's real estate in order to raise money to pay the costs of the proceeding.

4. EQUITABLE ESTOPPEL. When a temporary administrator, who has made an unauthorized mortgage upon his decedent's realty, is named in the decedent's will as devisee of a life estate in the land, and has procured, by the mortgage, money with which to pay a charge upon the decedent's whole estate, on the representation that he was authorized to borrow it on the security of the mortgage, he is estopped from questioning, in a court of equity, the effect of the mortgage to bind his interest in the land; and this estoppel also extends to a remainderman who expressly consented to the mortgage, but not to a remainderman who, although he was involuntarily benefited by the mortgage, took no part in the transaction and in no way influenced the mortgagee.

*Duryea* v. *Mackey*, 74 Hun, 638, reversed.

(Argued December 7, 1896; decided December 15, 1896.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered

December 6, 1893, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Albert G. McDonald* for appellants. The mortgage in question cannot be sustained by virtue of any authority conferred upon the Surrogate's Court to direct the disposition by sale or mortgage of the real property of a deceased person for the payment of debts under the provisions of section 2749 of the Code of Civil Procedure, and the following sections. That jurisdiction is created by and can only be exercised in conformity with the provisions of the Code, none of which were observed in the matter now in question. (*Kingsland* v. *Murray*, 133 N. Y. 170; *O'Flynn* v. *Powers*, 136 N. Y. 412; *Hogan* v. *Kavanaugh*, 138 N. Y. 422; *Long* v. *Long*, 142 N. Y. 545.) The defendant and appellant, Freelove Lewis, has not been estopped from asserting the invalidity of the mortgage as against her interest. (*Thompson* v. *Simpson*, 128 N. Y. 270; *Brown* v. *Bowen*, 30 N. Y. 519; *T. B. Co.* v. *Duncan*, 86 N. Y. 222.)

*Oscar Frisbie* for respondent. The defendants John Mackey and Solomon Cock are estopped from denying the validity of the mortgage mentioned in the complaint. (*People* v. *Bank of North America*, 75 N. Y. 548; *McNeil* v. *T. Nat. Bank*, 46 N. Y. 325; *Hentz* v. *Miller*, 94 N. Y. 64.) A party cannot stand by, in silence, knowing that another is being misled, and then claim benefit therefrom. In such case his silence gives consent, and equity will always enforce it. (*Brown* v. *Bowen*, 30 N. Y. 519.) Jacob Mackey and Freelove Lewis are estopped by their acts and omissions from denying that the mortgage in question is a valid lien upon their interests in the property described in it. (*Trustees of Brookhaven* v. *Smith*, 118 N. Y. 634.) The defendants have allowed the plaintiff to believe that he had a valid lien upon

the premises in question for many years, and it is now too late for them to claim he has not. (*T. B. Co.* v. *Duncan*, 86 N. Y. 221.)

Andrews, Ch. J. On the 6th day of May, 1882, when the mortgage for the foreclosure of which this action was brought was executed, the title to the mortgaged premises was in the heirs at law of Henry Cock, or in the defendants John Mackey, Solomon Cock, Jacob Mackey and Freelove Lewis, devisees under his will. The testator, Henry Cock, died on the 31st day of March, 1881, leaving a will whereby he appointed the defendant John Mackey the executor and devised to him a life estate in the the premises in question, with remainder to the other defendants named. The will was presented by the executor, John Mackey, for probate soon after the death of the testator, and probate was contested by certain persons, and on the 1st day of February, 1882, the surrogate entered a decree refusing to admit the will to probate, and awarding to the attorneys who appeared for the parties on the contest, including the attorneys for the proponent and the defendant Solomon Cock, costs and allowances, to be paid out of the estate of the decedent, amounting in the aggregate to $1,600. The defendants Jacob Mackey and Freelove Lewis did not appear by attorney on the contest, and so far as appears they took no part therein. The defendant John Mackey pending the contest had been appointed temporary administrator of the estate. There were no moneys in his hands out of which the costs awarded by the decree could be paid, and the surrogate, on the same day on which the decree was entered denying probate of the will, made an order based on the written consent of the attorneys for John Mackey and Solomon Cock, and of the attorneys for the contestants, authorizing John Mackey, the temporary administrator, to borrow the sum of two thousand dollars "as such temporary administrator and to execute a proper bond and mortgage upon the real estate of which said Henry Cock died seized, to secure the payment of the same." Thereupon the temporary

administrator borrowed of the plaintiff the sum mentioned, and as security therefor executed to him his bond in his official character and the mortgage now in question. The money borrowed was applied by the temporary administrator to pay the costs and allowances awarded in the decree of the surrogate, and the sum of $400 was received and retained by his attorney. Subsequently, on appeal to the Supreme Court, the decree of the surrogate denying probate of the will was reversed and the will admitted to probate. The interest on the mortgage was paid by John Mackey for eight years and payments were then discontinued. This action was brought to foreclose the mortgage. The defendant John Mackey, the life tenant, and the defendants Jacob Mackey and Freelove Lewis, two of the devisees in remainder, defended on the ground that the mortgage was executed without legal authority and was void, but the defense was overruled as to all of the defendants by the Special Term, on the ground that they were estopped to deny its validity, and the General Term on appeal affirmed the judgment of foreclosure entered on the decree of the Special Term.

The judgment is manifestly erroneous as to the defendants Jacob Mackey and Freelove Lewis. The temporary administrator had no authority to mortgage the real estate of the decedent by virtue of his office. A temporary administrator as such takes no title to the real estate of a decedent and can by no act of his, by virtue of his office, sell, charge or incumber it, or in any way affect or prejudice the right of heirs or devisees. The mortgage executed by the temporary administrator in this case, which purported to bind the whole estate, was, therefore, ineffectual to charge the interests of the devisees in remainder, unless the order of the surrogate authorizing the mortgage was a lawful exercise of his jurisdiction, or unless they have estopped themselves from questioning its validity. It is very clear that the order of the surrogate was without jurisdiction. The statute defines with great precision the power of surrogates in respect to the sale or mortgage of the real estate of decedents for the payment

of debts, and the procedure to be taken. (Code Civ. Pro. § 2749 *et seq.*) The proceedings are to be instituted by peti-tion presented by an executor or administrator *other* than a temporary administrator, or by a creditor. (See § 2750.) A citation must be issued, and proofs taken, and a formal adju-dication made. It is sufficient to say that in this case there was no semblance of a proceeding under the statute. Nor did the surrogate acquire any jurisdiction to make the order granted by him from the consent of the attorneys who appeared on the contest of the will. His jurisdiction to order the sale or mortgage of the real estate of a decedent can only be exercised in the manner and by the procedure prescribed in the statute. His jurisdiction is limited, and substantial compliance with the procedure prescribed is necessary to the validity of any order he may make for the sale or mortgaging of the estates of decedents. The mortgage in question, there-fore, did not bind the interests of the remaindermen, unless they are precluded upon the doctrine of estoppel. The tem-porary administrator took under the will a life estate. His interest, whatever it was, he could sell or mortgage. He pro-cured the money on the mortgage on the representation that he was authorized to borrow it on the security of the land, and that all the parties in interest had consented to its execution.

We think there can be no doubt that in a court of equity he cannot be heard to question that the mortgage was effectual to bind his life estate, and we are inclined also to the opinion that Solomon Cock, who expressly consented to the execution of the mortgage, is bound also, and that his interest in the land is subject in equity to the incumbrance.

But as to the defendants Jacob Mackey and Freelove Lewis there is no evidence which, according to established rules, precludes them from insisting that their interests in the land are not bound by the mortgage. They did not sign the consent presented to the surrogate. They were not consulted or advised as to borrowing the money. They did not know that the mortgage was to be executed, and first knew of its

existence after the money had been obtained and the mortgage had been delivered. It is possible that the testimony of Jacob Mackey may warrant the inference that he heard in a vague way that money was to be borrowed to pay the expenses of the litigation over the will. But it falls far short of establishing that he knew that it was proposed to mortgage his interest in the land for that purpose. Although Jacob Mackey and Freelove Lewis may have been benefited by the application of the money borrowed to pay the costs of the litigation, which by the surrogate's decree were charged on the whole estate of the decedent, this fact has no legal bearing in the case. The land could not be mortgaged without their consent, and if they have been involuntarily benefited by the application of the money, they cannot be required to contribute to the extent of such benefit through an enforcement of the mortgage. The case on principle seems very plain. The defendants Jacob Mackey and Freelove Lewis did not consent to the mortgage, and they did not act and made no representation upon which the plaintiff relied, nor was there silence on their part when there was any occasion or duty to speak. (*Thompson* v. *Simpson*, 128 N. Y. 270, and cases cited.) The judgment has no foundation in law as to the appellants Jacob Mackey and Freelove Lewis, and must, therefore, be reversed as to them.

The situation is such that a new trial should be ordered generally, and on the new trial the rights of all the parties may be settled and defined.

The judgment should be reversed and a new trial ordered.

All concur.

Judgment reversed.