[S. F. No. 772.  Department One.—November 17, 1897.]

DANIEL HURLEY, Respondent, v. JOHN RYAN, Administrator, etc., Appellant.

ACTION FOR MONEY UPON CONTRACT—INSUFFICIENCY OF COMPLAINT—FAILURE TO AVER NONPAYMENT.—In an action upon contract to recover money, the breach of the contract to pay is of the essence of the cause of action, and must be alleged; and a complaint which does not allege that the debts sued upon have not been paid fails to state a cause of action, and a demurrer thereto upon that ground should be sustained.

ID.—DEMURRER NOT WAIVED.—A demurrer for insufficiency of the complaint to state a cause of action is not waived by answer, whether filed at the same time or subsequently, nor is such defect in the complaint cured by verdict.

APPEAL from a judgment of the Superior Court of Monterey County. N. A. Dorn, Judge.

The facts are stated in the opinion.

Frank J. Murphy, for Appellant.

Parker & Sargent, for Respondent.

CHIPMAN, C.—Action against defendant, as administrator, for money expended as funeral expenses of deceased, and for expenses of administration and traveling expenses, while plaintiff was special administrator of defendant estate. As a second cause of action plaintiff claims for services in nursing and providing board and lodging for deceased in his lifetime. Defendant demurred to the complaint, alleging insufficiency of facts to constitute a cause of action, which was overruled, and defendant answered denying the allegations of the complaint and setting up a counterclaim. The cause was tried by a jury, and verdict was given for plaintiff for three hundred and twenty-five dollars, and judgment was accordingly entered. The appeal is on the judgment-roll alone.

The only point made by appellant is, that the complaint fails to state a cause of action, for the reason that it does not allege that the debts sued upon have not been paid. The action is upon contract, and it is claimed by appellant that the breach to pay is of the essence of the cause of action and must be alleged. (Citing *Ryan v. Holliday*, 110 Cal. 337; *Barney v. Vigoreaux*, 92 Cal. 631; *Notman v. Green*, 90 Cal. 172; *Richards v. Travelers' Ins. Co.*, 80 Cal. 505; *Scroufe v. Clay*, 71 Cal. 123; *Roberts v. Treadwell*, 50 Cal. 520; *Davanay v. Eggenhoff*, 43 Cal. 395.) Respondent files no points and authorities. The rule is unquestionably as claimed by appellant. There is no attempt in the complaint to allege that the debt has not been paid, and the demurrer should have been sustained. "A demurrer is not waived by filing an answer at the same time" (Code Civ. Proc., sec. 472), and *a fortiori* it is not waived by the filing of an answer subsequently to the filing and overruling of the demurrer. (*Curtiss v. Bachman*, 84 Cal. 216.) Nor is the defect cured by the verdict. (*Richards v. Travelers' Ins. Co., supra.*) This last case is in all respects similar to the one at bar. There was there, as here, a demurrer overruled, answer, trial, verdict by jury, and appeal upon the judgment-roll.

The judgment should be reversed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.          Garoutte, J., Harrison, J., Van Fleet, J.