[Civ. No. 1041. Second Appellate District.—December 23, 1911.]

## HENRY S. WEST, Respondent, v. C. F. MEARS and MARY A. MEARS, Appellants.

FORECLOSURE OF MORTGAGE—APPEAL FROM JUDGMENT AFTER SIX MONTHS—REVIEW PRECLUDED.—An appeal from a judgment foreclosing a mortgage, taken more than six months after the entry of the judgment, cannot be considered; and there can be no inquiry thereon into the sufficiency of the complaint to state a cause of action, or the action of the court in sustaining a demurrer thereto, or whether the judgment is supported by the findings.

ID.—FORECLOSURE AGAINST ORIGINAL MORTGAGOR—EVIDENCE—UNACKNOWLEDGED MORTGAGE.—In an action of foreclosure against the original mortgagor, an acknowledgment of the mortgage is not necessary to give it validity, and the note and unacknowledged mortgage were admissible in evidence against him.

ID.—MOTION FOR NEW TRIAL—NOTE AND MORTGAGE NOT EMBODIED IN STATEMENT—REVIEW UPON APPEAL FROM ORDER—VARIANCE NOT SHOWN.—Where the note and unacknowledged mortgage were not embodied in the statement on motion for a new trial, it cannot be determined from the record on appeal from the order denying the motion whether there was a variance as claimed.

ID.—DEFENSES—SUPPORT OF FINDINGS—CONFLICTING EVIDENCE.—Where the answer to the note and mortgage pleaded want of consideration and fraud in their procurement, and the court found all of the allegations of the complaint to be true and all of the allegations of the answer to be untrue, and the statement in the record on appeal from the order denying the motion for a new trial shows a decided conflict in the evidence, but shows evidence sustaining the findings of the court as made, they cannot be disturbed for insufficiency of the evidence.

ID.—NEWLY DISCOVERED EVIDENCE NOT EMBODIED IN RECORD.—The contention that the court erred in denying the motion for new trial on the ground of newly discovered evidence cannot be considered where none of the newly discovered evidence is incorporated in the record.

ID.—TITLE OBTAINED THROUGH DECREE OF DISTRIBUTION.—One who obtains title to a note and mortgage through a decree of distribution is entitled to sue thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John G. Covert, Judge presiding.

The facts are stated in the opinion of the court.

Randall & Gaines, for Appellants.

Hartley Shaw, for Respondent.

ALLEN, P. J.—The action was one to foreclose a mortgage and was commenced on the fourth day of January, 1910, the complaint alleging that the note and mortgage were executed on the fourth day of January, 1905. The note secured by the mortgage was due in one year. The answer denied the execution of the note and mortgage, pleaded want of consideration therefor, and fraud in their procurement. The court found all of the allegations of the complaint to be true and the allegations of the answer to be untrue, and rendered judgment accordingly. This judgment was duly entered July 25, 1910. More than six months thereafter, to wit, on April 5, 1911, defendants gave notice of an appeal from the judgment and from an order denying a new trial. The appeal from the judgment, not having been taken within time, cannot be considered. It follows that we cannot inquire into the sufficiency of the complaint to state a cause of action, or the action of the court in sustaining a demurrer thereto, or whether the judgment is supported by the findings. (*Moore v. Douglas,* 132 Cal. 400, [64 Pac. 705], and cases cited.)

The only matter for consideration is as to the action of the court in denying the motion for a new trial. This motion was based upon an alleged error of the court in overruling defendants' objection to the reception of the note and mortgage sued on as evidence in the case, because the same was not acknowledged. There is nothing in this contention. The suit being against the original mortgagor, an acknowledgment was not necessary to give it validity. In addition to this, the note and mortgage are not set out in the statement of the case, and it cannot be determined from the record whether there was any variance as claimed. The motion for a new trial was based on the further ground that the evidence was insufficient to support the findings. We find upon an examination of the statement that there is a decided conflict in the evidence, but there is some evidence upon the part of plaintiff and sufficient to support the findings of the court as made. The contention that the court erred in denying the motion for a new

trial on the ground of newly discovered evidence cannot be considered, in view of the fact that none of the newly discovered evidence is incorporated in the record. One obtaining title to a note through a decree of distribution becomes the owner thereof and entitled to maintain an action thereon.

We find no merit whatever in this appeal, and the order denying a new trial is affirmed.

James, J., and Shaw, J., concurred.