[Civ. No. 10513. First Appellate District, Division Two.—April 21, 1937.]

JOSEPH T. MEIER, Respondent, v. BELLE O. HAYES, Appellant.

Harry Rabwin, A. Feldman and Marcus, Rabwin & Nash for Appellant.

Y. B. Arsen for Respondent.

STURTEVANT, J.—This is an appeal from a judgment foreclosing a mortgage. The judgment was rendered against Belle O. Hayes as an individual, and also against her as executrix of the estate of John W. Brunton, deceased.

After being served with summons and complaint, Belle O. Hayes, as executrix of the estate of John W. Brunton, deceased, appeared and filed a general demurrer. At the same time, as an individual, she filed an answer. On being presented, the demurrer was overruled and the executrix stated that she would file an answer similar to the answer she had filed as an individual.

The first point made by the defendant as executrix is that the trial court erred in overruling her demurrer. In making that contention she calls to our attention that the complaint is wholly silent regarding anything contained in the will of John W. Brunton authorizing his executrix to borrow money or mortgage his estate, and regarding an application to the probate court authorizing the executrix either to borrow moneys or to execute a mortgage on the property of the estate for any purpose. The mortgage which was pleaded *in haec verba* is also entirely silent on those subjects. For these reasons the defendant claims the complaint did not state a cause of action against her as executrix. The plaintiff concedes that his complaint might have been vulnerable if the defendant had filed a special demurrer, but not in the face of a general demurrer. That contention has been ruled against him. (*Fish* v. *McCarthy*, 96 Cal. 484 [31 Pac. 529, 31 Am. St. Rep. 237].) He also contends that the record does not show what point the demurrer was intended to reach nor what argument was made in the trial court. That point is without merit. If for any reason the demurrer should have been sustained, the demurrant was entitled to present that reason to this court. (Code Civ. Proc., sec. 434; *Hurley* v. *Ryan*, 119 Cal. 71, 72 [51 Pac. 20].) Again, the plaintiff says he stipulated in the trial court that Belle O. Hayes as executrix might set up the identical defense in her answer, and he argues that therefore the executrix was not injured. It is a sufficient reply to state that the executrix was not bound to accept the stipulation. Her contention presented a question of law, not a question of fact to be pleaded in her

answer. In "The American Law of Administration", third edition, volume 2, page 1148, Mr. Woerner says: "It may be stated, as a general proposition, that neither executors, unless specially thereto authorized by will, nor administrators have the power to bind the estate of the deceased by borrowing money." He cites *Duryea* v. *Mackey,* 151 N. Y. 204, 207 [45 N. E. 458]. It is directly in point. In 24 C. J. 544, the rule is stated broadly that at common law the real estate of a decedent was not subject to his debts. In 11 Ruling Case Law, 165, it is said: "An executor or administrator has no power to bind the estate of which he is the representative by his individual contracts nor can he impose any liability on the assets of the estate through such contracts." In 11B California Jurisprudence, page 174, "Executors and Administrators", section 779, the author stated: "Without power given by law or by will the representative has no authority to charge or encumber real property of the estate." In the Probate Code, sections 830–834, it is provided how and under what circumstances authority may be ·had to mortgage the estate of a decedent. The plaintiff made no attempt whatever to plead facts showing that the executors had ever applied for, or had ever been granted, permission to execute the mortgage in suit. It follows that as to the estate the mortgage was invalid. (*Howard* v. *Bryan,* 133 Cal. 257, 265 [65 Pac. 462] ; *Estate of Pforr,* 144 Cal. 121, 126 [77 Pac. 825].) We think it is clear, therefore, that the trial court erred in overruling the demurrer of Belle O. Hayes as the executrix of the estate of John W. Brunton, deceased.

On the trial of the action no evidence was introduced curing or tending to cure the defect above mentioned. The executrix contends that the trial court erred in entering judgment against her as executrix. For the reasons hereinabove stated we think the contention must be sustained. The plaintiff seems to contend that the estate of Brunton is estopped, but the record does not show facts which would create an estoppel against the estate. (*Duryea* v. *Mackey,* *supra.*) He further contends that this is a case in which the trial court had the power to create an equitable lien. We think not. There are no facts stated in the record which would have justified the trial court in granting such relief. (*Howard* v. *Bryan,* 133 Cal. 257, 263, 264 [65 Pac. 462].)

■ The defendant also complains because the trial court denied her motion for a continuance. The facts do not clearly appear from the record. However, as we understand the facts, they were as follows: The action had been regularly set down for trial. A short time prior to the date of trial Mr. Rabwin, one of the attorneys for the defendant, held a conversation with Mr. Arsen, the attorney for the plaintiff. In that conversation Mr. Rabwin stated to Mr. Arsen that Mrs. Hayes was sick and would not be able to attend the trial. Continuing, he asked Mr. Arsen if, when the case was called, the testimony of witnesses in attendance could be taken and then a continuance had for the purpose of producing Mrs. Hayes as a witness after her recovery, or that her testimony might be taken in the form of a deposition. It was the contention of Mr. Rabwin that Mr. Arsen gave his general consent. However, at the time of the trial the latter contended that he had said Mr. Rabwin might make his application to the trial court and that Mr. Arsen would not oppose the application. At the time of the trial Mr. Rabwin did make the application and, furthermore, he produced a letter from Dr. Hutchins, the physician in attendance on Mrs. Hayes. That letter is not contained in the record. After hearing from the respective parties the trial court denied the motion for a continuance. Giving full effect to each of the foregoing facts, it may not be said that the trial court abused its discretion in refusing to grant a continuance.

■ Finally, the defendant complains because the trial court refused to grant a new trial. That point we think is not presented by the record. The transcript shows that on June 26, 1936, the defendant filed a notice of intention to move for a new trial, but the record does not show that she made a motion for a new trial, nor does it show any ruling thereon.

The judgment against Belle O. Hayes is affirmed. The judgment against Belle O. Hayes as the executrix of the estate of John W. Brunton, deceased, is reversed.

Nourse, P. J., and Spence, J., concurred.