[Civ. No. 6940.   Third Dist.   Sept. 22, 1943.]

THOMAS W. GUNNING et al., as Trustees, etc., Appellants,
v. HAZEL J. FORBES et al., Respondents.

Manwell & Manwell for Appellants.

Rich & Weis and F. E. Carlin for Respondents.

THOMPSON, J.—Judgment was rendered against plaintiffs, quieting title in the defendants, Edwin F. and Hazel J. Forbes, to a placer mining claim in Yuba County. A motion for new trial was also denied. The only points urged by the appellants for a reversal of the judgment are: 1. The alleged abuse of discretion on the part of the trial court in refusing to set aside the submission of the case to permit them to introduce further evidence of their title to the land, and, 2. The denial of a new trial on a motion based on alleged newly discovered evidence. No other errors in the trial of the cause are assigned or relied upon.

The complaint to quiet title alleges that the individual plaintiffs were duly appointed under section 403b of the Civil Code, and instituted this suit as trustees in behalf of the defunct mining corporation, Archimedes Gold Mining Company, as owners and entitled to the possession of a placer mining claim in Yuba County adjacent to the Yuba River. The answer and cross-complaint of Edwin F. and Hazel J. Forbes deny the material allegations of the complaint, with the exception of the allegation that the previously mentioned mining company is defunct, and affirmatively allege that they are the owners and entitled to the possession of said mining claim. They further allege the recovery of a final judgment in a former suit, May 15, 1936, quieting title in Edwin F. and Hazel J. Forbes to the same property as res judicata of the issues in this case. At the trial of the case it appeared that, pursuant to a written agreement dated September 21, 1936, the Archimedes Gold Mining Company conveyed the mining claim in question by deed to Archimedes Gold Dredging Com-

pany, from which dredging company said individual defendants derived their title. The judgment roll in that case, the agreement and said deed were received in evidence. The individual defendants also proved that for twenty years preceding the commencement of this action they occupied and mined the property in question, openly and adversely, and that for the last five years they paid all taxes levied against the property.

The court adopted findings favorable to the defendants in every essential respect and rendered judgment quieting title to said mining claim in Edwin F. and Hazel J. Forbes, holding that plaintiffs have no right, title or interest in said claim or in any portion thereof.

The clerk's transcript contains plaintiff's notice of intention to move for a new trial on statutory grounds, including that of alleged newly discovered evidence. It also contains the order of the court denying the motion for new trial. Neither the clerk's transcript nor the reporter's transcript prepared at the request of appellants under section 953a of the Code of Civil Procedure contains evidence that the motion for new trial was ever actually made, or that affidavits were filed or presented, or that other evidence was adduced on the motion for a new trial. The record on appeal is insufficient to show what evidence, if any, presented by affidavits or otherwise, was adduced or considered by the court on the motion for new trial.

A motion for new trial, under section 657 of the Code of Civil Procedure, on the ground of newly discovered evidence, must be presented by means of affidavits. (Sec. 658, Code Civ. Proc.; 20 Cal.Jur. 148, secs. 101 and 120.) The mere filing of such affidavits with the clerk, without actually presenting them to the court on the motion is insufficient. (*Ambrose* v. *Allen*, 113 Cal.App. 107, 117 [289 P. 169]; *People* v. *Thompson*, 5 Cal.App.2d 655 [43 P.2d 606]; *Deary* v. *Shields*, 54 Cal.App.2d 795 [129 P.2d 935].) The affidavits must fully set out the alleged newly discovered evidence; that it is material and not merely cumulative, that its production would likely result in a judgment different from the one which was rendered, that it can be adduced in the event of a new trial, and that it could not have been reasonably secured at the trial by the exercise of due diligence. (20 Cal.Jur. 182, secs. 119 and 120.) In the present case the record on appeal does not show that any affidavits on motion for a new trial were even filed in the case. ...

For the reason that the record on appeal is insufficient to show that affidavits on motion for a new trial were filed or presented to the court on the motion, we are unable to determine what alleged newly discovered evidence, if any, existed, whether due diligence was exercised, or whether it was merely cumulative. We are therefore not permitted to review the order of the court denying the motion for new trial. (*West* v. *Mears*, 17 Cal.App. 718 [121 P. 700] ; *Union Lumber Co.* v. *Webster*, 15 Cal.App. 165 [113 P. 891] ; 2 Cal. Jur. 700, sec. 403.) Under such circumstances this court must presume the trial court properly denied the motion for new trial. (*Kendall* v. *Kolb*, 119 Cal.App. 581 [6 P.2d 965] ; *Meier* v. *Hayes*, 20 Cal.App.2d 451, 455 [67 P.2d 120].)

For the same reason that the record on appeal is insufficient to indicate what showing, if any, was made upon plaintiffs' motion to set aside the submission and open the case for further evidence, we may not review the alleged order of the court denying that motion. We are pointed to no record that any such motion was either made or denied. We have searched the record in vain for that motion.

Defendants' application to impose a penalty upon the plaintiffs for instituting a frivolous appeal is denied. We are not satisfied the appeal was taken merely to harass the defendants, or to delay satisfaction of the judgment.

The judgment is affirmed.

Peek, J., and Adams, P. J., concurred.