[Civ. No. 8076.   Third Dist.   Jan. 21, 1952.]

D. G. NIEL, Respondent, v. LOREN L. BARTON, Appellant.

H. E. Gleason for Appellant.

Gilbert Moody for Respondent.

VAN DYKE, J.—This action was brought to foreclose a materialman's lien.   The trial court found that plaintiff-respondent furnished building materials for improving a dwelling house and constructing a fence about the same upon land owned by appellant Barton; that the materials were furnished at the request of defendant Allen; that more than 10 days prior to the filing of the claim of lien appellant had actual knowledge of the furnishing and use of the materials and of respondent's claim therefor and did not at any time file or post a notice of nonresponsibility.   The answer of appellant Barton alleged that he had no knowledge of the furnishing or use of the materials until within 10 days of the time the lien claim was recorded; that he had in no manner authorized Allen to contract for him.   While the trial court did not expressly find on these allegations it is apparent from the findings made that the judgment is based solely upon section 1192 of the Code of Civil Procedure which declares that every improvement and all work made or done with the knowledge of the owner of the property shall be held to have

been so done or improved at the instance of such owner unless he shall within 10 days after he obtains such knowledge give notice that he will not be responsible therefor. It appears that appellant Barton was at all pertinent times a minor. The court on his petition appointed a guardian ad litem for him.

Appellant advances a number of contentions, but we think it unnecessary to consider any except those based upon appellant's nonage. Generally speaking, there can be no lien such as was here adjudged upon an infant's property under a contract made by another person not his guardian and not possessing any authority to bind him (57 C.J.S. ''Mechanics' Liens,'' § 64) ; and although respondent's complaint, as amended to conform to proof, alleged that the materials here furnished were so furnished at the request of defendant Allen with the knowledge, consent and authority of appellant Barton, yet the trial court only found, as noted, that the materials were furnished at the request of Allen, and as to Barton found only that after learning of their furnishing and use Barton did not disclaim responsibility.

It was held in *Fish* v *McCarthy*, 96 Cal. 484 [31 P. 529, 31 Am.St.Rep. 237], that the guardian of a minor could not subject the estate and property of a ward to such a lien without first obtaining an order of the court authorizing the guardian to do so. ''As the mechanics' lien arises from work done and materials furnished under an obligatory contract, if the contract be not binding, the lien necessarily fails. An infant is not bound by his contract except in certain cases, in which the erection of a building is not included. A conveyance or mortgage by him of his real estate would not be binding upon him; and legislatures are certainly not to be presumed to have intended to allow him to encumber his property, indirectly, by a contract for its improvement, when he cannot do the same thing in a binding mode by an instrument executed expressly for the purpose.'' (Phillips on Mechanics' Liens, § 108, p. 199.)

If a lien grounded upon an express contract by or for a minor is subject to the infirmities we have discussed, then will section 1192 warrant the liening of a minor's property where the minor is at best a noncontracting owner and is sought to be held solely under the provisions of that section as an owner who, after obtaining knowledge of the improvements to his property, does not give notice of nonresponsibility? The research of counsel and the research of the court

have revealed no direct answer to this question in decisions of the appellate courts of this state. The query might be more accurately stated as being whether or not a minor can be an ''owner'' within the meaning of the section. We find the following in James on Liens of Mechanics (California), section 105: ''Neither a minor who is the owner of land nor his guardian is an owner within the meaning of this section. Where, therefore, buildings are constructed upon the land of a minor the fact that both he and his guardian have knowledge of the construction of the building does not subject such property to liens though they fail to give the notice of nonresponsibility required by the statute.'' Section 1192 has been declared to be based upon the doctrine of estoppel in that one who, knowing the material or labor of another is being used in the improvement of his property, stands by while this is being done, meanwhile giving no notice that he will not be responsible for the value of the same, is estopped thereafter to deny his liability. (*John R. Gentle & Co.* v. *Britton,* 158 Cal. 328, 332 [111 P. 9].) But generally minors are not held liable under the doctrine of estoppel. (19 Am. Jur. ''Estoppel,'' § 174.) We conclude that a minor is not an owner within the meaning of section 1192, so that his property becomes liable to a lien solely for the reason that, having learned of the use of the labor or materials of another upon his property, he has not actively disclaimed liability by giving the statutory notice of nonresponsibility.

The judgment is reversed with instructions to the trial court to enter judgment in favor of appellant.

Peek, J., and Schottky, J. pro tem., concurred.